1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10  JOHN ROBERTS,                      )
                                       )
11              Plaintiff,             )    2:09-cv-02021-GEB-KJM
                                       )
12         v.                          )    ORDER GRANTING DEFENDANTS'
                                       )    MOTIONS TO DISMISS
13  LAND HOME FINANCIAL SERVICES, INC. )    PLAINTIFF'S COMPLAINT
    COLDWELL BANKER McKINNEY &         )    AND GRANTING DEFENDANT'S
14  ASSOCIATES, INC., DICKSON McCALL   )    MOTION TO EXPUNGE LIS PENDENS*
    REALTY, LITTON LOAN SERVICING,     )
15  and DOES 1 through 100, inclusive, )
                                       )
16              Defendants.            )
                                       )
17

18          Defendants move to dismiss Plaintiff's complaint for failure

19  to state a claim.  Because Plaintiff is no longer the "real party in

20  interest" for the prosecution of his lawsuit, the motions to dismiss

21  are GRANTED.  Defendant Litton Loan Servicing ("Litton Loan") also

22  moves to expunge Plaintiff's *lis pendens*.  Because Plaintiff cannot

23  meet his burden to establish the "probable validity" of his real

24  property claims the motion to expunge is GRANTED.

25  //

26  //

27  _____

28          *   This matter is deemed suitable for decision without oral
    argument.  E.D. Cal. R. 78-230(h).

                                       1

**BACKGROUND**

In January 2006, Plaintiff John Roberts obtained an $850,000 loan from Land Home Financial Services ("Land Home") in order to purchase his home in South Lake Tahoe, California. (Compl. ¶ 16(a); Litton Loan's Mot. to Dismiss 1:17-24.) This loan was secured by a deed of trust recorded on January 6, 2006. (Def. Litton Loan's Req. Judicial Notice ("RJN") Ex. A.) Plaintiff eventually failed to make payments on the subject loan and received a notice of default and a notice of trustee's sale. (Compl. ¶ 29; RJN Ex. B and C.) Defendant Litton Loan currently functions as the servicer of this loan.

On May 20, 2009, Plaintiff filed this lawsuit alleging several violations of state and federal law by Defendants Litton Loan, Land Home, Coldwell Banker McKinney & Associates ("Coldwell"), and Dickson McCall Realty ("Dickson McCall"). On June 2, 2009, Plaintiff filed a petition for Chapter 7 bankruptcy protection. (RJN Ex. D.) On June 5, 2009, Plaintiff recorded a *lis pendens* against the property to encumber it. (RJN Ex. E.)

On July 21, 2009, Defendant Coldwell removed this case to federal court. (Docket No. 1.) On July 27, August 6, and August 12, 2009, Defendants Coldwell, Litton Loan, and Land Home, respectively, filed motions to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative, motions to strike and for a more definite statement. (Docket Nos. 6, 9, 11, 18.) On August 6, 2009, Defendant Litton Loan filed a separate motion to expunge Plaintiff's *lis pendens*. (Docket No. 10.) On September 30, 2009, Defendant

Dickson McCall filed a motion to dismiss for failure to state a claim, set for hearing on November 9, 2009.  (Docket No. 32.)

**ANALYSIS**

**A.   Motion to Dismiss**

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheur v. Rhoes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Dismissal is appropriate, however, where the plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In general, the court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  "Ample authority exists," however, "which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss."  In re Am. Continental Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996) (collecting cases), rev'd on other grounds by Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998).  Here, Litton Loan has provided the court with Plaintiff's petition for Chapter 7 bankruptcy protection dated June 2, 2009.  (RJN Ex. D.)

Plaintiff has not objected to having his Chapter 7 bankruptcy petition considered in connection with the motions to dismiss, and admitted he filed a bankruptcy petition in a recent status report he submitted.

The filing of a bankruptcy petition creates an estate in bankruptcy. See 11 U.S.C. § 541(a); In re Raintree Healthcare Corp., 431 F.3d 685, 688 (9th Cir. 2005). A bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "It is well settled," moreover, "that pre-petition causes of action, including TILA claims are assets included within the meaning of property of the estate." Hernandez v. Downey Sav. & Loan Ass'n, F.A., 2009 WL 704381, at *3 (S.D. Cal. 2009) (citing Cusano v. Klein, 264 F.3d 936, 945 (9th Cir. 2001)).

After filing a petition for Chapter 7 bankruptcy protection, a debtor "may not prosecute a cause of action belonging to the bankruptcy estate" because the bankruptcy trustee is the "real party in interest" with respect to such claims. Cobb v. Aurora Loan Serv. LLC, 408 B.R. 351 (E.D. Cal. 2009); Hernandez, 2009 WL 704381, at *5 (citing Rowland, 949 F. Supp. at 1454); see Fed. R. Civ. P. 17(a) ("An action must be prosecuted in the name of the real party in interest."). In order to circumvent this proscription, a debtor must either show that his or her claims are exempt from the bankruptcy estate or were abandoned by the bankruptcy trustee. Cobb, 408 B.R. at 354 (citing Rowland, 949 F. Supp. at 1453-54).

Here, it is undisputed that the transactions giving rise to Plaintiff's lawsuit occurred before he filed his petition for Chapter 7 bankruptcy protection. Evincing a misunderstanding of the governing legal principles in this case, Plaintiff's Opposition asserts,

4

"Plaintiff has standing in this case because the Bankruptcy Trustee
has entered a declaration of no assets to distribute to creditors on
July 11, 2009" (Opp'n 8:9-10.) and that "Plaintiff's Bankruptcy is in
for discharge as of September 18, 2009" (Opp'n 8:10-11).  Plaintiff
does not otherwise allege that his claims are exempt from the
bankruptcy estate or were abandoned by the bankruptcy trustee, and no
"declaration of no assets" or "discharge" are apparent from the
central district bankruptcy court's docket reviewed on October 7,
2009.  See 11 U.S.C. § 554(a) (providing that the trustee may abandon
property of the estate "[a]fter notice and a hearing" before the
bankruptcy court).

Therefore, since Plaintiff is no longer the "real party
in interest" for purpose of prosecuting this lawsuit, Defendants'
motions to dismiss Plaintiff's Complaint are granted.

## 2.   Motion to Expunge *Lis Pendens*

Litton Loan next seeks an order expunging Plaintiff's *lis
pendens*, filed on June 5, 2009.  (RJN Ex. E.)  Litton Loan argues the
lis pendens "substantially inhibits [its] ability to market and resell
the [South Lake Tahoe] property to recoup some of the losses incurred
due to Plaintiff's default."  (Litton Loan's Mot. to Expunge 3:6-9.)

"A *lis pendens* is a recorded instrument that provides
constructive notice of a pending lawsuit affecting title to certain
real property and that ensures that any person who attempts to buy
that property takes it subject to any judgment that may be entered."
Olivier v. NDEX West, LLC, 2009 WL 2486314, at *5 (E.D. Cal. 2009)
(citing  Bishop Creek Lodge v. Scire, 46 Cal. App. 4th 1721, 1733
(1996)).  The practical effect of a *lis pendens* is to "cloud title" to

1  the property and prevent its transfer until the *lis pendens* is

2  expunged.  Id.

3      Because of the potentially serious effects to the

4  transferability of property, a *lis pendens* must be expunged if a

5  plaintiff cannot establish the "probable validity" of its claim by a

6  "preponderance of the evidence."  Cal. Code. Civ. Pro. ("CCP") §

7  405.32.  "[T]he court shall order that the notice [of *lis pendens*] be

8  expunged if the court finds that the claimant has not established by a

9  preponderance of the evidence the probable validity of the real

10  property claim."  Id.  The party opposing the motion to expunge has

11  the burden of proving the "probable validity."  CCP § 405.30.  A claim

12  has "probable validity" where "it is more likely than not that the

13  plaintiff will obtain judgment against the defendant on the claim."

14  CCP § 405.3.  The reviewing court is required to consider the relative

15  merits of the parties' positions and must decide whether plaintiff has

16  met his burden of establishing the probable validity of his claims by

17  a preponderance of the evidence.  Loeb & Loeb v. Beverly Glen Music,

18  Inc., 166 Cal. App. 3d 1110, 1120 (1985).  Here, where Plaintiff's

19  Complaint is dismissed, Plaintiff cannot establish the probable

20  validity of his real property claims.  Therefore, Defendant Litton

21  Loan's request for expungement of the *lis pendens* is GRANTED.

22      Under CCP § 405.38, when a court orders a *lis pendens*

23  expunged, the order must direct that the prevailing party be awarded

24  reasonable attorney's fees and costs, unless the Court finds that the

25  opposing party acted with substantial justification, or that other

26  circumstances make the imposition of attorney's fees unjust.  CCP §

27  405.38.  Litton Loan requests $1,855.00 in attorney's fees and costs.

28  (Litton Loan's Mot. to Expunge 14:2-8.)  Of this amount, it requests

1  $612.50 for an appearance at a hearing which will not be held because

2  its dismissal motion has been submitted. (Id.)  The Court finds that

3  the imposition of attorney's fees and costs on the Plaintiff here, who

4  is already in financial distress, would be unjust.  Therefore,

5  Defendant Litton Loan's request for attorney's fees is DENIED.

6

7                              **CONCLUSION**

8

9          Because Plaintiff is no longer the "real party in interest"

10  for the prosecution of his lawsuit, Defendants motions to dismiss are

11  GRANTED and Plaintiff's Complaint is DISMISSED.  Any remaining motions

12  to strike or for a more definite statement are DENIED as moot.

13  Finally, because Plaintiff cannot meet his burden to establish the

14  "probable validity" of his real property claims, Defendant Litton

15  Loan's motion to expunge *lis pendens* is GRANTED, and Litton Loan's

16  motion for attorney's fees is DENIED.

17  Dated:  October 7, 2009

18

19  _____
    GARLAND E. BURRELL, JR.

20  United States District Judge

21

22

23

24

25

26

27

28